OPINION
{¶ 1} Defendant-appellant, Jason Estes, appeals the decision of the Preble County Court of Common Pleas denying his motion to set aside or vacate his sentence, which the court construed as a petition for postconviction relief. We affirm the trial court's decision.
 {¶ 2} In December 2000, A.M. reported to her mother that on several occasions while she was visiting appellant, between March 1992 and July 1996, he had sexual contact with her. A.M. also told her mother that appellant had had sexual contact with her in A.M.'s own bedroom. S.S. told her aunt, A.M.'s mother, that appellant had sexual contact with her during this time as well. During the years in question, A.M. and S.S. were six to ten years old, and appellant was 19 to 23 years old.
 {¶ 3} The incidents were reported to the Preble County Sheriff's Office and two officers went to appellant's residence. They asked appellant to come to the sheriff's office for questioning. Appellant voluntarily arrived at the sheriff's office on his own a short while later. Appellant was advised of the allegations against him and told that he was not under arrest. In the course of the interview appellant admitted to having sexual contact with both girls. Appellant was subsequently read his Miranda rights, and he gave a statement to officers admitting the sexual contact with A.M. and S.S.
 {¶ 4} Appellant was found guilty of seven counts of rape, one count of felonious sexual penetration and two counts of gross sexual imposition, and sentenced accordingly. This court affirmed appellant's convictions on appeal. See State v. Estes, Preble App. No. CA2002-05-008, 2003-Ohio-5283.
 {¶ 5} In January 2005 appellant filed a petition to set aside or vacate his sentence, based on the U.S. Supreme Court's decision inMissouri v. Seibert (2004), 542 U.S. 600, 124 S.Ct. 2601, arguing that his confession was obtained in violation of his Miranda rights. The trial court construed appellant's filing as a petition for postconviction relief and denied the petition. Appellant appeals, raising a single assignment of error arguing that the trial court erred in denying his petition.
 {¶ 6} Appellant's petition was untimely filed under the time limits of R.C. 2953.21. As pertinent to the present appeal, R.C. 2953.23(A) provides that a trial court may not entertain an untimely filed petition for postconviction relief unless the petitioner demonstrates that "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(b). The petitioner must additionally show "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which [he] was convicted * * *." R.C. 2953.23(A)(2).
 {¶ 7} Appellant asserts that the holding of Seibert applies to his situation, and operates to exclude from evidence the confession he provided police. The Seibert court held that law enforcement officers violate a suspect's Fifth Amendment rights where they interrogate a suspect while in custody; elicit a confession; inform the suspect of his Miranda rights; and then elicit the same confession. Seibert at 2612-2613.
 {¶ 8} However, review of the record in the instant matter reveals that appellant was not subject to a custodial interrogation when he provided police with his first confession. See State v. Biros, 78 Ohio St.3d 426,1997-Ohio-204 (police interview of suspect did not constitute a custodial interrogation where suspect came to police station on his own and was advised that he was not under arrest). Because the holding in Seibert is inapplicable to appellant's situation, the trial court did not err when it denied appellant's petition for post-conviction relief. The assignment of error is overruled.
 {¶ 9} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.